IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| SUSAN GAIL BREITNER, | : | BANKRUPTCY NO.: 5-16-bk-03823-JJT |
| DEBTOR | : | |
| SUSAN GAIL BREITNER | : | {**Nature of Proceeding**: Motion to Dismiss Adversary Complaint (#7)} |
| PLAINTIFF | : | |
| vs. | : | |
| CIT BANK, N.A. d/b/a Financial Freedom, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-17-ap-00055-JJT** |

# OPINION

The Debtor, Susan Breitner, has filed a Complaint against CIT Bank, N.A. CIT is described as a "holder and/or servicer of a first lien priority mortgage against the Debtor's residence." The adversary centers around whether the Debtor was properly subjected to force place insurance[1], as well as other expenses and efforts by CIT or its agents.

Count I asks for a determination of secured status and also doubles as an objection to the CIT proof of claim (Claim #2).

Count II argues breach of contract.

Count III advances a claim under the federal Fair Debt Collection Practices Act.

---

[1] To borrow from *Jones v. Gen. Ins. Co. of America,* Civil Action No. 07-0855-WS-C, 2009 WL 1537866, at *1, fn. 4 (S.D. Ala. May 29, 2009), "this term is variously called 'force place insurance,' 'forced placed insurance,' 'forced place insurance' or 'force placed insurance.' The Court makes no findings as to which of these permutations is technically most accurate; however, in the interest of consistency, the term 'force place insurance' will be used . . . to describe the coverage . . . ."

Count IV advances a claim under the Pennsylvania Fair Credit Extension Uniformity Act as well as the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

CIT's response was to file a Rule 12 Motion to Dismiss. Mentioned in that Motion, almost incidentally, was an allegation that One West Bank secured a mortgage foreclosure judgment against the Debtor's property on July 17, 2014. See Exhibit B to the Motion. (Doc. #7.) One West Bank was a predecessor in interest of CIT. (Proof of Claim #2.)

The parties have consented to this Court entering a final order of disposition on all counts. (Complaint Doc. #1 ¶ 6 and Doc. #7 ¶ 3.)

These underlying facts, which appear to be undisputed, have been reviewed in light of *In re Stendardo*, 991 F.2d 1089 (3rd Cir. 1993), a case that held, upon foreclosure judgment, the mortgage merges with the judgment and the mortgagor is no longer obligated under the terms of the mortgage. This is notwithstanding the Debtor's right to cure under Section 1322(c)(1).[2]

At oral argument scheduled by the Court, CIT withdrew its Motion to Dismiss Count I.

Count II alleges a breach of the mortgage contract by CIT without identifying the specific provision breached. In the absence of such specificity, I agree with the Defendant that this Count must be dismissed as not meeting the *Twombly* standards. ("Factual allegations must be enough to raise a right to relief above the speculative level . . .") *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

Count III alleges a series of violations of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. The Defendant is said to have violated the following provisions of that Act: 15 U.S.C. §§ 1692d(2), 1692e(2), 1692f(1), 1692f(7), 1692f(8), and 1692j(a). While

---

[2] Pennsylvania law provides that a mortgagor can cure a default up to one hour before a foreclosure sale. 41 P.S. § 404(a).

CIT denies it is subject to the provisions of this Act, the Debtor's factual allegation that CIT is a debt collector (¶ 42) must be accepted as fact for the purposes of disposing of this Rule 12 Motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true . . .").

CIT is said to have violated § 1692d(2) because some of its property inspectors used "obscene and or profane language" in violation of that provision. The allegation is so vague as to be meaningless. Answering the question of who, what, and when would go a long way to comply with the *Twombly* requirements. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) ("Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." (internal quotation marks and citation omitted)).

In addition, Debtor has failed to articulate how the alleged purchase of force place insurance would be a false representation under § 1692e(2).

The Debtor has alleged instances where CIT is said to have purchased force place insurance notwithstanding the Debtor's averment that her homeowner's insurance was in place at all relevant times. Force place insurance is subsequently added to the customer's obligation by the creditor. If true, this would speak to a violation of § 1692f(1) which prohibits the collection of unauthorized amounts.

The Debtor has also averred that CIT has violated §1692f(7) and f(8) by communicating with Debtor by postcard and using something other than the Defendant's address. Such vague repetition of the statutory language is unacceptable. The same vagueness is present with regard to allegations of misbehavior regarding § 1692j(a).

The only part of Count III that can survive the Motion to Dismiss is the alleged violation of § 1692f(1).

Count IV is brought under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. (UTPCPL) and the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 (West) (FCEUA).

Regarding FCEUA, the Debtor has averred that the following sections of Title 73 have been violated: § 2270.4(b)(4),(5), (5)(ii), (6)(i), (6)(vii), and (6)(viii).

Section 2270.4(b)(4) generally proscribes abusive conduct by a creditor in connection with the collection of a debt. Debtor's Complaint adequately alleges an inordinate number of home inspections that could be seen as abusive in the absence of a specific explanation. This is especially true when false allegations of insurance lapses and inappropriate language are utilized by the Defendant or its agents.

With regard to § 2270.4(b)(5) and (5)(ii), these provisions generally ban false representation in connection with the collection of a debt. The only falsehood alleged to have been perpetrated by the Defendant is the suggestion that it misrepresented the status of Debtor's homeowner's insurance. Even if such statement was false, the pleading gives no indication as to whom that representation was delivered or how that alone would advance the collection effort.

There is no support for this portion of the Count.

The Debtor also alleges a violation of § 2270.4(b)(6)(i) which addresses unconscionable means to collect a debt and specifically limits collection to "authorized" amounts. The Debtor advances that collecting force place insurance when the Debtor has her own insurance in place is a violation. These allegations in the Complaint will survive the Motion to Dismiss.

Section 2240.4(b)(6)(vii) bars communications with the Debtor regarding the debt by postcard. Although the Debtor alleges the existence of a violation, the pleading contains no details as to the purported violation. The pleading must contain more than a repetition of the language of the statute. There must be some allegations of factual support such as the nature of the postcard, from whom it was sent, and what information is contained on it. This portion of the Count must be dismissed.

The same conclusion would apply to allegations of a claim under § 2240.4(b)(6)(viii) dealing with use of "language and/or symbols."

Under UTPCPL, the Debtor has alleged a violation of 73 P.S. § 201-2(xxi) which addresses the engagement of "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2 (West). The facts allegedly supporting this were the unauthorized inspections and the purchase of improper force place insurance. While these charges are certainly disputed, the Complaint does not set forth how they added to the confusion or misunderstanding of the Debtor. This portion of the Count must also be dismissed.

For these reasons, the Motion to Dismiss is granted in part and denied in part.

My Order will follow.

By the Court,

_____
John J. Thomas, Bankruptcy Judge (CMP)

Date: March 1, 2018